1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    RAYMOND ALFORD BRADFORD,                No.  2:19-cv-1753 DB P

12                   Plaintiff,

13          v.                                ORDER AND FINDINGS AND
                                             RECOMMENDATIONS
14    PAUL R. KRAUS, et al.,

15                   Defendants.

16

17          Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C.

18   § 1983.  Plaintiff claims that his rights were violated in connection with a 2019 Keyhea[1] hearing.

19   Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 3).  For the

20   reasons set forth below the court will recommend that the motion be denied.

21                          **IN FORMA PAUPERIS STATUTE**

22          The Prison Litigation Reform Act of 1995 ("PLRA") permits a federal court to authorize

23   the commencement and prosecution of any suit without prepayment of fees by a person who

24   submits an affidavit indicating that the person is unable to pay such fees.  However,

25                  [i]n no event shall a prisoner bring a civil action or appeal a judgment
                    in a civil action or proceeding under this section if the prisoner has,
26

27   [1] Keyhea v. Rushen, 178 Cal.App.3d 526, 223 (1986), sets forth the substantive and procedural
     safeguards which must be adhered to when the state seeks to involuntarily medicate state
28   prisoners with long-term psychotropic medications.

                                              1

on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "The dismissals described in this provision are commonly referred to as 'strikes.'" Harris v. Mangum, 863 F.3d 1133, 1139 (9th Cir. 2017) (citing El-Shaddai v. Zamora, 833 F.3d 1036, 1042 (9th Cir. 2016)).

This "three strikes rule" was part of "'a variety of reforms designed to filter out the bad claims [filed by prisoners] and facilitate consideration of the good.'" Coleman v. Tollefson, 135 S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)). If a prisoner has "three strikes" under § 1915(g), the prisoner is barred from proceeding in forma pauperis unless he meets the exception for imminent danger of serious physical injury. See Andrews v. Cervantes, 493 F.3d 1047, 1052-53 (9th Cir. 2007). To meet this exception, the complaint of a "three strikes" prisoner must plausibly allege that the prisoner was faced with imminent danger of serious physical injury at the time his complaint was filed. See Williams v. Paramo, 775 F.3d 1182, 1190 (9th Cir. 2015); Andrews, 493 F.3d at 1055.

## HAS PLAINTIFF ACCRUED THREE STRIKES?

Upon review of action filed by plaintiff, the court finds that plaintiff is subject to 28 U.S.C. § 1915(g) and is precluded from proceeding in forma pauperis unless plaintiff was, at the time the complaint was filed, under imminent danger of serious physical injury. Several judges in this court, have previously found that plaintiff has accrued three strikes. The court takes judicial notice of those cases, and of plaintiff's prior filings described therein. Those cases include: Bradford v. White, et al., No. 2:98-cv-0180 FCD JFM PC (dismissed June 3, 1999, as frivolous); Bradford v. Terhune, et al., No. 1:04-cv-5496 AWI DLB PC (dismissed Oct. 21, 2004 for failure to state a claim); Bradford v. Grannis, No. 2:05-cv0862 FCD DAD PC (dismissed Sept. 30, 2007 as frivolous and for failure to state a claim); and Bradford v. Terhune, et al., No. 1:04-cv-5261 LJO SMS PC (dismissed May 12, 2008 for the failure to state a claim).

////

////

1    The strikes described in those cases all occurred prior to the filing of the present action on

2    July 17, 2019.[2]

3    **IS PLAINTIFF IN IMMINIENT DANGER OF SERIOUS PHYSICAL INJURY?**

4        Because plaintiff has accrued three strikes, this court finds that plaintiff is precluded from

5    proceeding in forma pauperis in this action unless he is "under imminent danger of serious

6    physical injury." 28 U.S.C. § 1915(g).  The availability of the imminent danger exception turns

7    on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later

8    time.  See Andrews v. Cervantes, 493 F.3d at 1053.  "[A]ssertions of imminent danger of less

9    obviously injurious practices may be rejected as overly speculative or fanciful."  Id. at 1057 n.11.

10   Imminent danger of serious physical injury must be a real, present threat, not merely speculative

11   or hypothetical.  To meet his burden under § 1915(g), an inmate must provide "specific fact

12   allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the

13   likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir.

14   2003).  "Vague and utterly conclusory assertions" of harm are insufficient.  White v. Colorado,

15   157 F.3d 1226, 1231-32 (10th Cir. 1998).  This, the "imminent danger" exception is available

16   "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate."

17   Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).  Further, the purpose of the imminent

18   danger exception is to allow prisoners to proceed with cases in order to resolve the issues creating

19   the imminent danger.  See Young v. Curliss, No. 1:12-cv-1871 JLT (PC), 2013 WL 56987, at *2

20   (E.D. Cal. Jan. 3, 2013).  Therefore, an assertion of imminent danger must be tied to the

21   allegations of his complaint.

22       Plaintiff names as defendants: (1) CDCR attorney, Paul Kraus; (2) CDCR Psychiatrist

23   Bennie Carter; and (3) SSA, MCA, Hahn.  Plaintiff states that he "seek[s] relief . . . from a

24   conspiracy to commit murder and obstruction of justice."  (ECF No. 1 at 2.)  While plaintiff has

25   _____

26   [2] While the complaint was initially docketed on July 29, 2019 and transferred to this district on
     September 5, 2019, plaintiff's filing was afforded the benefit of the prison mailbox rule.  Under
27   the prison mailbox rule, a document is deemed served or filed on the date a prisoner signs the
     document and gives it to prison officials for mailing.  See Houston v. Lack, 487 U.S. 266, 276
28   (1988).

included the words "imminent danger" in the caption he has not stated any allegations in the body of the complaint indicating that he is imminent danger.  Plaintiff alleges Carter set out to kill plaintiff "through over dose with psychotropic involuntary medication using and abusing his [power] as 'quack' psychiatrist."  (Id. at 3.)  Plaintiff claims Hahn stole plaintiff's copy of the involuntary medication order off his door and refused to return it, answer plaintiff's request for interview form, or provide plaintiff with an additional copy.  (Id. at 4.)  Plaintiff states he wrote a letter to the administrative law judge explaining that he did not want to attend the hearing and contradicting Carter's statement.  Plaintiff claims he gave the letter to his court-appointed attorney, Kraus, but Kraus threw the letter in the trash.

The court finds that plaintiff's allegations fail to meet the imminent danger exception.  See Hendon v. Kulka, No. 2:14-cv-2581 AC P, 2015 WL 4637962 at *2 (E.D. Cal. Aug. 3, 2015) (finding plaintiff's allegations that he was denied due process and suffered side effects stemming from involuntary medication failed to meet imminent danger exception).  Because plaintiff fails to demonstrate that he meets the imminent danger exception to the three-strikes bar, this court will recommend plaintiff be required to pay the $400 filing fee if he wishes to proceed with this case.

Accordingly, the Clerk of the Court is HEREBY ORDERED to randomly assign a district judge to this case; and

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) be denied pursuant to 28 U.S.C. § 1915(g); and

2. Plaintiff be ordered to submit the $400 filing fee in order to proceed with this action.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified

////

time may result in waiver of the right to appeal the district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  January 22, 2020

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB:1/Orders/Prisoner/Civil.Rights/brad1753.scrn