UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND ALFORD BRADFORD,<br><br>Plaintiff,<br><br>v.<br><br>PAUL R. KRAUS, et al.,<br><br>Defendants. | No. 2:19-cv-1753 KJM DB P<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state inmate proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that his rights were violated in connection with a 2019 Keyhea[1] hearing. Presently before the court is plaintiff's motion for reconsideration. (ECF No. 20.)

**I.  Background**

On January 23, 2020, the undersigned recommended that plaintiff's motion to proceed in forma pauperis be denied because plaintiff accrued three strikes under 28 U.S.C. § 1915(g) prior to filing the present action. (ECF No. 10.) On February 13, 2020, the district judge assigned to this action adopted the findings and recommendations and directed plaintiff to pay the filing fee within thirty days or face dismissal of the case. (ECF No. 13.) Plaintiff failed to pay the filing

---

[1] Keyhea v. Rushen, 178 Cal.App.3d 526, 223 (1986), sets forth the substantive and procedural safeguards which must be adhered to when the state seeks to involuntarily medicate state prisoners with long-term psychotropic medications.

1

fee and the undersigned recommended that this action be dismissed without prejudice. The findings and recommendations were adopted, and this case was dismissed on August 17, 2020. (ECF No. 18.) Plaintiff filed the instant motion for reconsideration on August 31, 2020.[2] (ECF No. 20 at 6.)

## II. Plaintiff's Motion

Plaintiff alleges the court deliberately overlooked his allegation that he was in imminent danger at the time he filed the complaint. (ECF No. 20 at 3.) He further states he suffers from "side effects of a bogus" Keyhea order because "defendants knowingly made false statement in their Keyhea petition, causing him to wrongfully be involuntarily medicated, and resulting in injuries, i.e., dizziness, headaches, blurred vision, and chest pain." He claims he is under imminent danger daily. (Id.)

## III. Legal Standards

Because plaintiff filed his motion to vacate the judgment within twenty-eight days of the court's entry of judgment, the court construes the motion as a motion to alter or amend the judgment under Federal Rule of Civil Procedure 59(e). See Lee-Thomas v. Prince George's County Public Schools, 666 F.3d 244, 247 n.4 (4th Cir. 2012). A Rule 59(e) motion to alter or amend the judgment is an "extraordinary remedy which should be used sparingly." Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011). In general, there are four grounds upon which a Rule 59(e) motion may be granted:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

Id. (citing McDowell v. Calderon, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc) (per curiam)).

To demonstrate "manifest error," petitioner must show the judgment rests on an incorrect factual assumption or clear error of law. However, new legal arguments that should have been

---

[2] Under the prison mailbox rule, a document is deemed served on the date a prisoner signs the document and gives it to prison officials for mailing. Houston v. Lack, 487 U.S. 266, 276 (1988).

2

raised previously are not appropriate in a Rule 59(e) motion. Divane v. Krull Elec. Co., Inc., 194 F.3d 845, 850 (7th Cir. 1999). Nor is a Rule 59(e) motion an appropriate vehicle to ask the court to revisit issues already addressed. Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000).

Further, Local Rule 230(j) requires that a motion for reconsideration state "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion." E.D. Cal., Local Rule 230(j)(3)-(4).

**IV. Analysis**

Plaintiff has shown neither newly discovered nor previously unavailable evidence. Plaintiff alleged in the complaint that defendants "ordered enough drugs inside plaintiff to knock him unconscious for nearly two days; that then caused [plaintiff] to feel like he was choking and dying. That happened three separate times." (ECF No. 1 at 3.) In his objections to the January 23, 2020 findings and recommendations, plaintiff alleged that the involuntary medication has "cause serious side effects such as dizziness, chest pain, headaches, and blurred vision." (See ECF No. 11 at 2; see also ECF No. 12 at 1.) The arguments raised in the motion for reconsideration, that he is under imminent danger daily due to the side effects of the involuntarily medication he receives, have already been considered and rejected by the court. Accordingly, the court will recommend that plaintiff's motion for reconsideration be denied.

**V. Conclusion**

For the reasons set forth above, IT IS HEREBY RECOMMENDED that plaintiff's motion for reconsideration (ECF No. 20) be denied.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

time may result in waiver of the right to appeal the district court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 8, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:12
DB/DB Prisoner Inbox/Civil.Rights/S/brad1753.59e.fr